FILED
2026 Mar-12 PM 01:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **LINDA WILLIAMS,** *Individually and as Personal Representative of the Estate of Woodrow Williams, deceased*, <br><br> Plaintiff, <br><br> v. <br><br> **CALVIN ASHLEY LOUIE,** *et al.*, <br><br> Defendants. | Case No. 5:26-cv-394-HDM |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a motion to realign the parties by Defendant Progressive Specialty Insurance Company ("Progressive"). (Doc. 3). For the reasons stated below, Progressive's motion is due to be **GRANTED**.

Plaintiff Linda Williams obtained a $2,150,000 default judgment in a personal injury suit (the "Underlying Lawsuit")[1] against Defendants Calvin Ashley Louie and Callou Enterprises LLC ("Callou Enterprises")[2] which she now seeks to collect from Progressive. Specifically, Ms. Williams brings claims as a judgment creditor against

---

[1] Default judgment was granted on November 24, 2024, in the Circuit Court of Morgan County, Alabama, Case No. CV-2024-900009.

[2] Ms. Williams also sued and received a default judgment against Freight Management Logistics, Inc., in the Underlying Lawsuit, (*see generally* doc. 1-2), but Freight Management is not a named party in this action to enforce that judgment, (*see generally* doc. 1).

Progressive under Alabama's direct-action statute or, in the alternative, seeks a declaratory judgment that there is coverage under the Progressive policy for payment of the judgment. (Doc. 1-1). Ms. Williams does not assert any claims against Mr. Louie or Callou Enterprises. *Id.* Ms. Williams removed this case to federal court. (Doc. 1).

In her notice of removal, Ms. Williams notes that Defendants Louie and Callou Enterprises should be realigned as plaintiffs because their interests are aligned with her own interests—they all want to prevail as to coverage against Progressive in order to provide insurance proceeds in connection with the judgment obtained by Ms. Williams against Mr. Louie and Callou Enterprises in the Underlying Lawsuit. (*See* Doc. 1). Progressive apparently agrees and subsequently filed the pending motion to realign the parties. (Doc. 3).

Realignment matters because, while Progressive is a citizen of Ohio, (doc. 1-1 at 6), Ms. Williams, Mr. Louie, and Callou Enterprises are apparently all citizens of Alabama for purposes of diversity jurisdiction, *id.* at 5. The Alabama citizenship of Mr. Louie and Callou Enterprises—if their alignment as defendants in the case were proper—would destroy complete diversity. However, the Eleventh Circuit has stated that "federal courts are required to realign the parties in an action to reflect their interests in litigation." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012). As a result, it is the duty of the lower federal courts to

2

look beyond the pleadings and arrange the parties according to their sides in the dispute. *Id.*

The instant facts fall squarely within the blueprint provided by *City of Vestavia*. In that case, a municipality, Vestavia Hills, won a judgment in Alabama state court against Cameron Development Corporation ("Cameron"). *Id.* at 1312. Thereafter, Vestavia Hills filed a one-count complaint under Alabama Code Section 27-23-2 seeking to collect the $442,263 judgment from Cameron's insurer, General Fidelity Insurance Company ("General Fidelity"). *Id.* General Fidelity successfully removed the matter to this court, which denied the city's motion to remand, even though Vestavia Hills and Cameron were both Alabama citizens. *Id.* On appeal, Vestavia Hills challenged this court's decision to realign the parties. *Id.* at 1313. After reviewing the complaint at issue, the Eleventh Circuit determined that "it is clear" that Vestavia Hills did not seek any relief from Cameron. *Id.* at 1314. In so holding, the Eleventh Circuit recognized that "[t]here no longer is any dispute between Vestavia Hills and Cameron, and the only thing that Cameron could want out of this case is for Vestavia Hills to win." *Id.* As a result, the Eleventh Circuit concluded that this court did not err in its realignment. *Id.*

Following the ruling in *City of Vestavia*, numerous Alabama district court decisions have similarly determined that insureds named as nominal defendants in actions brought by a judgment creditor pursuant to Alabama Code Section 27-23-2

3

should be realigned for purposes of removal. *See, e.g.*, *Chappell v. Tex. Steakhouse of Ala., Inc.*, No. 16-cv-140-MHT-GMB, 2016 WL 3456936 (M.D. Ala. May 26, 2016). The Eleventh Circuit in *Vestavia Hills*, and the district courts in *Vestavia Hills*'s progeny, make clear that, even if an originally-filed action has citizens of the same state on both sides of the "v," a realignment can cure any potential defects with respect to diversity of jurisdiction. *City of Vestavia Hills*, 676 F.3d at 1314 ("For the foregoing reasons, we uphold the district court's realignment of the parties to establish complete diversity.") (quoting *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 568 (6th Cir. 2010)).

The principal purpose of this action is to determine whether Progressive must provide insurance coverage for the judgment obtained by Ms. Williams in the Underlying Lawsuit. Specifically, Ms. Williams seeks to determine whether Progressive is obligated to indemnify Mr. Louie and Callou Enterprises. As such, Mr. Louie and Callou Enterprises' principal interest in this action would be for this court to find coverage, thus allowing Ms. Williams to be compensated while reducing their own financial exposure for the default judgment. *See Porter v. Crumpton & Assn's, LLC*, 862 F. Supp. 2d 1303, 1307 (M.D. Ala. May 29, 2012) (concluding "the interests of the judgment creditor and judgment debtor are aligned because both wanted to get the insurer to pay the judgment") (citing *City of Vestavia Hills*, 676 F.3d at 1313–14).

For the reasons outlined above, the court finds that Ms. Williams's, Mr. Louie's, and Callou Enterprises' interests are manifestly the same in this action, and, therefore, realignment is appropriate. Progressive's Motion to Realign Parties, (doc. 3), is **GRANTED**, and Defendants Calvin Ashley Louie and Callou Enterprises LLC are realigned as plaintiffs.

**DONE** and **ORDERED** on March 12, 2026.

_____
**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE